NOT FOR PUBLICATION (Doc. No. 16)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| Jennifer D. HOVERMALE, *on behalf of herself and all others similarly situated*, | Civil No. 15–5646 (RBK/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| IMMEDIATE CREDIT RECOVERY INC., | |
| Defendant. | |

**KUGLER**, United States District Judge:

Plaintiff Jennifer D. Hovermale, on behalf of herself and all others similarly situated, brings claims against Defendant Immediate Credit Recovery Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* This matter is before the Court upon Defendant's Motion for Summary Judgment. For the reasons set forth in this Opinion, Defendant's Motion (Doc. No. 16) is **GRANTED IN PART** and **DENIED IN PART**.

## I. SUMMARY JUDGMENT STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "must support the assertion" that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.*

56(c). A motion for summary judgment before this Court must also comply with Local Civil Rule 56.1(a). That rule states:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.

L. Civ. R. 56.1(a).

An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. EVIDENTIARY RECORD

Defendant provides a statement of material facts not in dispute. *See* Def.'s Statement of Material Facts ("DSOMF") (Doc. No. 17). But Defendant cites only to a statement and other documents that it failed to properly submit to the record. *See* Pl.'s Opp'n Br. at 7. Defendant cites to the "Affidavit of Richard Martin" (Doc. No. 18–1). But Mr. Martin's statement is unsworn and does not comply with 28 U.S.C. § 1746. *Cf. Brokenbaugh v. Exel Logistics North American, Inc.*, 174 Fed. Appx. 39, 43 n.2 (3d Cir. 2006) (holding that a declaration complying with 28 U.S.C. § 1746 is a "valid affidavit" for purposes of a summary judgment motion).

Defendant argues that "Plaintiff's claim that Defendant's evidence . . . is inadmissible is irrelevant as any flaws in admissibility can be overcome by satisfying the applicable admissibility requirements at trial." Def.'s Reply Br. at 12 n.5 (citing *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 465–66 n.12 (3d Cir. 1989)). *Williams* is inapposite. In *Williams*, the Third Circuit held that a district court could consider "hearsay evidence produced in an affidavit opposing summary judgment . . . if the out-of-court declarant could later present that evidence through direct testimony[.]" 891 F.2d at 465–66 n.12. Defendant here is asking this Court to consider as evidence an unsworn statement not declared under the penalty of perjury. Although this defect can be cured at trial, the Court cannot and will not consider Mr. Martin's unsworn statement as a valid affidavit. This Court agrees with Plaintiff that Mr. Martin's statement is not a valid affidavit and does not provide evidentiary support for Defendant's Motion. *See* Pl.'s Opp'n Br. at 7.

Defendant also cites to various documents. *See, e.g.*, DSOMF ¶ 2 (citing to the Federal Perkins Loan Master Promissory Note). But Defendant does not properly admit any of these documents to the record. Mr. Martin's unsworn, inadmissible statement can neither lay the

foundation for nor authenticate those documents. Furthermore, this Court cannot accept as evidence the duplicative copies of those documents improperly attached to Defendant's brief. *See* Def.'s Br., Exs. B–I (Doc. No. 18–2 to 18–9).

The Court will, however, consider the February 9, 2015 letter ("Letter"), as Plaintiff properly submitted that document to the record. *See* Hovermale Decl. ¶ 2, Ex. A (Doc. No. 22–2). Plaintiff received the Letter shortly after February 8, 2015. *Id.* Defendant sent the Letter to Plaintiff regarding a Federal Perkins Loan. *Id.*

### III.   DISCUSSION

The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices . . . ." 15 U.S.C. § 1692(a). A plaintiff bringing an FDCPA claim must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant here is challenging only the fourth element—whether it violated the FDCPA in attempting to collect a debt from Plaintiff.

Because the FDCPA is a remedial statute, courts construe it broadly. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). Courts should analyze "[l]ender-debtor communications potentially giving rise to claims under the FDCPA" under the "least sophisticated debtor" standard. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). This is not a standard of reasonableness, because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). Although the standard is

low, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000).

Plaintiff brings FDCPA claims against Defendant for violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g. Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" 15 U.S.C. § 1692e, and provides a non-exhaustive list of behavior that would violate the prohibition. *See Lesher*, 650 F.3d at 997. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt[,]" 15 U.S.C. § 1692f, and provides a non-exhaustive list of behavior that would violate the prohibition. Section 1692g(a) requires that a debt collector, "in connection with the collection of any debt," send a written notice to a consumer "[w]ithin five days after the initial communication." 15 U.S.C. § 1692g(a). Plaintiff claims that the Letter violates Sections 1692e and 1692f, and that Defendant did not sent the written notices required by Section 1692g(a). The Court will address each of these claims in turn.

   1.   **February 9, 2015 Letter**

Plaintiff claims that the Letter violated Section 1692e, including Sections 1692e(2)(A), 1692e(5), and 1692e(10), as well as Section 1692f, because it misrepresented that the balance owed could increase due to late charges. *See* Pl.'s Opp'n Br. at 11. Plaintiff further claims that the Letter violated Section 1692e because it misrepresented Defendant's role as a debt collector. *See id.* at 14–16.

### A. Late Charges

Plaintiff and Defendant disagree regarding the meaning and effect of the Letter's representation regarding late charges. The full statement at issue is: "Due to interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *See* Hovermale Decl., Ex. A. Plaintiff argues the statement violated Section 1692e because it "was false, deceptive or misleading, misrepresented the character or amount of the debt, and threatened taking action (i.e., imposing late charges) that could not be legally taken[.]" Pl.'s Opp'n Br. at 14.

Plaintiff argues, and Defendant does not deny, that late charges could not lawfully accrue after Plaintiff entered default. *See* Pl.'s Opp'n Br. at 11; Def.'s Reply Br. at 6–7. The Court agrees with Plaintiff that, because Plaintiff was in default on a Federal Perkins Loan, Defendant did not have the lawful right to add late charges at the time it sent the Letter to Plaintiff. *Cf.* 34 C.F.R. § 674.31(5)(i) (mandating that a promissory note shall state that the institution will assess a late charge if the borrower does not "[r]epay all or part of a schedule repayment when due[]"; 34 C.F.R. § 674.43(b)(2) (permitting the institution to assess a late charge if "[a]ny part of an installment payment not made when due"). Because Defendant could not lawfully assess late charges, it was misleading to the least sophisticated debtor for Defendant to represent that Plaintiff's amount due "may be greater" due to late charges.

Defendant argues that the sentence at issue is "wholly accurate" because Defendant could assess interest and other charges. *See* Def.'s Reply Br. at 5. But the Letter represented that the amount due could increase "[d]ue to interest, late charges, *and* other charges[.]" Hovermale Decl., Ex. A (emphasis added). Defendant's representation would mislead the least sophisticated debtor to believe that her debt could increase due to late charges, when in fact Defendant could

not lawfully assess late charges. The representation that Defendant could assess interest does not diminish the misrepresentation that it could assess late charges.

Defendant also argues that it did not violate the FDCPA because the Seventh Circuit drafted the language at issue as a "safe harbor" formula. *See* Def.'s Reply Br. at 5–8 *See* Def.'s Reply Br. at 5–8 (relying primarily on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) and *Taylor v. Cavalry Investment, LLC*, 365 F.3d 572 (7th Cir. 2004)). The Court agrees with Plaintiff that Defendant's reliance on *Miller* and *Taylor* is unavailing. *See* Pl.'s Sur-Reply Br. at 7–9. *Miller* and *Taylor* are not binding upon this Court, and they are clearly distinguishable. The FDCPA provision at issue in those cases was the Section 1692g(a)(1) requirement to state "the amount of the debt" subject to debt collection—not the Section 1692e prohibition against using "any false, deceptive, or misleading representation or means in connection with the collection of any debt[.]" *See Miller*, 214 F.3d at 874; *Taylor*, 365 F.3d at 574. The Seventh Circuit set forth the language as a "safe harbor" formula from Section 1692g(a)(1)—with the caveat that the information must be accurate. *Miller* 214 F.3d at 876; *see Taylor*, 365 F.3d at 574–75 (defendants did not violate Section 1692e because they lawfully *could have* added interest, although they did not). In this case, it was not accurate for Defendant to represent that Plaintiff's debt could increase because of late charges.

This Court finds, as a matter of law, that Defendant's representation that "[d]ue to interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater[]" is materially misleading to the least sophisticated debtor. As such, Defendant's Motion for Summary Judgment is denied as to Plaintiff's Section 1692e claim.

As courts of this District have recognized, conduct that is a violation of another section of the FDCPA "cannot be the basis for a separate claim under § 1692f." *See, e.g.*, *Turner v.*

*Professional Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013). Because this Court finds that the Letter's representation regarding late charges violates Section 1692e, Plaintiff cannot bring a separate claim under Section 1692f for the same language. Defendant's Motion is therefore granted as to Plaintiff's Section 1692f claim.

### B. Role as a Debt Collector

Plaintiff claims that the Letter violates Section 1692e because it is "false, deceptive and misleading" regarding Defendant's status as a debt collector. *See* Pl.'s Opp'n Br. at 14–16. Plaintiff argues that the Letter's language regarding Plaintiff's opinions, "coupled with the disclaimed affiliation with any lender, would appear to be coming from an independent student loan counselor offering to advise borrowers about their options[.]" *See id.* at 16. But "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008). Reading the entirety of the Letter and placing the language in context, it is clear that the least sophisticated debtor would not be misled regarding Defendant's status as a debt collector. The Letter clearly states that "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector." Hovermale Decl., Ex. A. Even the least sophisticated debtor would not believe the Letter was anything other than an attempt by a debt collector to obtain payment on a debt.

Plaintiff also argues the Letter violates Section 1692e because it "promoted loan consolidation . . . when there may have been better options[]" for Plaintiff. *See* Pl.'s Opp'n Br. at 16. But Defendant was not required to provide Plaintiff with every alternative regarding her debt obligation. *See Roundtree v. Weltman, Weinberg & Reis Co., L.P.A.*, 2011 WL 1790072 at *3 (M.D. Pa. May 9, 2011). Plaintiff does not argue that the Letter's representations regarding her

option to consolidate her loans was false or misled her regarding her rights or obligations. *See* Pl.'s Opp'n Br. at 16. This Court declines to impose the obligation upon debt collectors to explain every available option to debtors. As such, Plaintiff's Section 1692e claim will be restricted to the Letter's representations regarding late charges.

### 2. Initial Communication

Plaintiff claims that Defendant did not send her the written notice required by Section 1692g(a). The Letter sent to Plaintiff on February 9, 2015 did not contain the required statutory notices. *See* Hovermale Decl., Ex. A. Defendant alleges that it sent the proper notices to Plaintiff in an initial letter dated October 22, 2014. *See* Def.'s Mot. at 15. But because Defendant failed to properly submit Mr. Martin's statement or the various other documents into the record, there is no evidence currently before this Court that Defendant sent the written notices as required by Section 1692g(a). Defendant's Motion as to Plaintiff's Section 1692g(a) claim is therefore denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 16) is **GRANTED IN PART** and **DENIED IN PART**.


Dated:  08/04/2016                                                         s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge